UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   **COMPLAINT**
D.M, mother and natural guardian of M.W.M. and          Docket No.:
D.M. Individually,

                              Plaintiff,

       -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                             Defendants.
-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. Plaintiff D.M. is the mother and natural guardian of M.W.M. as defined by IDEA, 20 U.S.C. § 1401 (23).

2. M.W.M. is a child with a disability as defined by IDEA, 20 U.S.C. § 1403(3)(A).

3. Defendant(s) classified M.W.M. as a student with a disability.

4. During the relevant dates referenced herein, the plaintiffs resided in Queens, New York.

5. The defendants, the City of New York (hereinafter "City") and the New York City Department of Education (hereinafter "DOE") are municipal entities duly existing by virtue of the law of the City and State of New York.

6. Defendant DOE is a local education agency as defined by IDEA, 20 U.S.C. § 1401 (19), and as such, is obligated to provide educational and related service programs and services to its students in compliance with the applicable federal and state statutes, regulations and the United States Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.* and the regulations thereunder.

7. The within action is brought to recover attorney's fees arising out of a special education due process proceeding. This action is also brought to enforce provisions of the underlying Findings of Fact and Determination ("FOFD") that has yet to be fully implemented by defendant(s).

8. The underlying impartial hearing proceeding which is the subject of this complaint was brought for the 2022-2023, 2023-2024 and 2024-2025 school years in impartial hearing case number 271635.

9. The due process decision issued under case number 271635 was not appealed by the defendants, and as such, it is final and binding on the parties to this action.

17. The within action is brought within the applicable statute of limitations and is timely.

## JURISDICTION AND VENUE

18. Jurisdiction is conferred upon this Court by the Individuals with Disabilities in Education Act (IDEA) at 20 U.S.C. §1400 et. seq., and more specifically 20 U.S.C. 1415(i)(2)(A) and 1415 (i)(3)(B). Venue is also conferred on this court pursuant to 42 U.S.C. § 1983.

19. Pursuant to 20 U.S.C. §1391(b) venue is proper in the United States District Court of New York, Eastern District.

## STATEMENT OF FACTS

20. Plaintiff brought the due process proceeding under case number 271635 due to the denials of FAPE in the 2022-2023, 2023-2024 and 2024-2025 school years. D.M. contended that the defendant(s) failed to conduct a triennial reevaluation of M.W.M. or develop appropriate IEPs for him in the complained of school years.

21. The hearing request in case number 271635 dated April 5, 2024 was submitted to the DOE Impartial Hearing Office.

22. After holding the interim hearing on independent educational evaluations ("IEEs"), an interim order was issued on July 18, 2024 by IHO Corey Forster ("IHO") that directed the defendant(s) to fund several evaluations for M.W.M.

23. A hearing on the merits was later held on February 24, 2025 before the IHO. The IHO issued a March 25, 2025 Findings of Fact and Determination ("FOFD") that found M.W.M. was denied FAPE in each of the complained of school years. The IHO also determined that appropriate remedies included an award of a 1:1 paraprofessional, assistive technology, vision therapy, cognitive behavioral therapy, an IEP meeting, tutoring and executive functioning coaching. All the relief ordered was directed to be funded by the defendant(s).

24. Although an IEP meeting was held on June 4, 2025, it was not completed in that all required discussion as to the current evaluative data, proposed mandates, related services, disability classification, goals and M.W.M.'s program did not occur with all Team members . The school psychologist informed the Team that she would finalize the IEP notwithstanding the directives of the FOFD. The school psychologist also stated that she would include goals and management needs in the IEP recommended by the school that were never discussed with the Team. D.M. objected to this proposal.

25. The defendant(s) have not implemented a 1:1 paraprofessional for M.W.M. as required by the FOFD.

26. The defendant(s) have not implemented the assistive technology that was ordered for M.W.M. by the IHO in the FOFD.

27. The defendants have not implemented cognitive behavioral therapy for M.W.M. ordered by the IHO in the FOFD.

28. D.M. now seeks to enforce the outstanding items of implementation in the FOFD in this court as the FOFD is final and binding.

### AS AND FOR A FIRST CAUSE OF ACTION:  PREVAILING PARTY ATTORNEYS FEES IN IH CASE NUMBER 271635

29. Plaintiff reasserts and realleges paragraphs one ("1") through twenty-eight ("28") as if fully set forth herein.

30. Following the IHO's decision in case number 271635, the DOE did not appeal the findings of fact made in favor of the plaintiff by the IHO.

31. The plaintiff has exhausted all necessary administrative remedies prior to bringing the instant action for attorneys fees in case number 271635.

32. The plaintiff is a prevailing party in the underlying due process proceedings pursuant to 20 U.S.C. §1415(i)(3)(B).  Plaintiff obtained favorable results in the underlying due process proceedings that were not occasioned by the defendant City's of DOE's voluntary change of conduct, but rather, was based on the determinations made based on evidence presented during the hearing that resulted in the impartial hearing decision made by the IHO.

33. Plaintiff prevailed in all material respects and received the relief requested in the due process complaint in case number 271635.

34. As plaintiff is a prevailing party in the underlying due process proceedings which are the subject of the instant litigation, legal fees should be awarded.

35. The relief sought and ultimately obtained in the hearing under case number 271635 was substantial for Plaintiff.

36. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable in this matter.

37. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 271635 and this action.

**AS AND FOR A SECOND CAUSE OF ACTION: 42 U.S.C. § 1983 FOR ENFORCEMENT IN CASE NUMBER 271635**

38. Plaintiff reasserts and realleges the allegations contained in paragraphs one ("1") through thirty-seven ("37") as if fully set forth herein.

39. Defendant(s) have not complied in full measure with the FOFD as set forth above. The DOE's refusal to comply in full measure with the FOFD is willful and operates to the detriment of plaintiff's rights under the IDEA. The DOE's failure to implement all provisions of the FOFD amounts to a failure of implementation.

40. Defendants have, under color of law, deprived Plaintiff of rights, privileges and/or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement all outstanding provisions of the FOFD.

41. Plaintiff seeks equitable relief pursuant to 20 U.S.C. § 1983. *See (Mrs. W. v. Tirozzi,* 832 F.2d 748, 755 (2d Cir. 1987)("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); *see also Weixel v. Board of Education of the City of New York,* 287 F.3d 138, 151 ("plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing claims for damages under § 1983.")

5

42. Defendant(s) should be ordered to immediately comply with the FOFD issued in connection with the underlying due process case in which plaintiff prevailed in case number 271635.

## AS AN FOR A THIRD CAUSE OF ACTION FOR ENFORCEMENT IN CASE NUMBER 271635

43. Plaintiff reasserts and realleges the allegations contained in paragraphs one ("1") through forty-two ("42") as if fully set forth herein.

44. Defendant(s) have not complied with its legal obligation to implement the FOFD which is the subject of this litigation.

45. Defendants have, under color of law, deprived Plaintiff of rights, privileges and/or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the terms of the FOFD issued by the IHO.

46. Plaintiff seeks equitable relief pursuant to 20 U.S.C. § 1983. *See (Mrs. W. v. Tirozzi,* 832 F.2d 748, 755 (2d Cir. 1987)("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); *see also Weixel v. Board of Education of the City of New York,* 287 F.3d 138, 151 ("plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing claims for damages under § 1983.")

47. Defendant(s) should be ordered to immediately comply with its obligation to implement the FOFD in all material respects in case number 271635.

**REQUESTS FOR RELIEF**

49. The Plaintiff requests that an Order of enforcement be issued in her favor directing the defendant(s) to comply with all outstanding areas of implementation in the FOFD in case number 271635.

50. Plaintiff requests that an Order be issued awarding attorneys fees for the costs of prosecuting the underlying due process proceedings and bringing this action seeking legal fees and enforcement in due process case number 271635.

51. Plaintiff also seeks reasonable attorneys fees which have or will be incurred in the prosecution of this action pursuant to 20 U.S.C. 1415(i)(2)(A), 20 USC 1415(i)(3)(B) and 42 U.S.C. 1983.

Dated: Brooklyn, New York
       June 10, 2025

*Erika L. Hartley, Esq.*
Erika L. Hartley, Esq. (Electronically signed)
**LAW OFFICE OF ERIKA L. HARTLEY**
Attorney for Plaintiffs
D.M. as m/n/g of M.W.M. et al.
238 Covert Street, Suite 2
Brooklyn, New York  11207
Office (866) 478-3324, Facsimile (718) 650-8917

To:   Muriel Goode-Trufant, Corporation Counsel
      Office of the Corporation Counsel
      Attorneys for Defendants
      THE CITY OF NEW YORK & NEW YORK CITY
      DEPARTMENT OF EDUCATION
      100 Church Street
      New York, New York  10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------------------X

D.M. as mother and natural guardian of M.W.M and
D.M. Individually,

                              Plaintiff,

     -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                            Defendants.

-------------------------------------------------------------------------------------------------------------X

# COMPLAINT

-------------------------------------------------------------------------------------------------------------X

**LAW OFFICE OF ERIKA L. HARTLEY**
Attorneys for Plaintiffs
D.M. as m/n/g M.W.M. & D.M. Individually
238 Covert Street, Suite 2
Brooklyn, New York 11207
Office (866) 478-3324, Fax (718) 650-8917